IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD L. TROMBLEY,  ) | |
| ) | Case No. 1:22-cv-1779 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT

NOW COMES the Plaintiff, RICHARD L. TROMBLEY, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, JPMORGAN CHASE BANK, N.A., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. RICHARD L. TROMBLEY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Speedway, County of Marion, State of Indiana.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had an asset account in his name with Defendant (hereinafter, "Plaintiff's Chase Account").

7. At all relevant times, Plaintiff's Chase Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's Chase Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. JPMORGAN CHASE BANK, N.A., (hereinafter, "Defendant") is a business entity that conducts business within the State of Indiana. Defendant is incorporated in the State of Indiana. Defendant's principal place of business is located in the State of Ohio.

10. At all relevant times, Defendant was a bank that held Plaintiff's Chase Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13. At all relevant times, an unknown third party received funds from Plaintiff's Chase Account, which were transferred to said unknown third party via an electronic terminal, telephonic instruction or computer or magnetic tape after said third party instructed Defendant to transfer funds to that third party from Plaintiff's Chase Account.

## IV. ALLEGATIONS

14. On or about June 23, 2022, $24,000.00 was debited from Plaintiff's CHASE Account in three consecutive $8,000 transfers.

15. On or about June 23, 2022, $24,000.00 was debited from Plaintiff's CHASE Account by an unknown third party in three consecutive $8,000 transfers.

16. Prior to June 23, 2022, Plaintiff was not aware of the circumstances relating to the debit of funds from Plaintiff's CHASE Account on June 23, 2022.

17. Plaintiff did not provide any person or entity with consent to debit funds from Plaintiff's CHASE Account on June 23, 2022.

18. Plaintiff did not provide Defendant with consent for any person or entity to debit funds from Plaintiff's CHASE Account on June 23, 2022.

19. Prior to June 23, 2022, Plaintiff was not aware that $24,000.00 was to be debited from Plaintiff's CHASE Account by any person, as delineated above.

20. On June 24, 2022, upon Plaintiff's receipt of the information regarding the transfers from Defendant relative to Plaintiff's CHASE Account, Plaintiff ascertained that $24,000.00 was debited from Plaintiff's CHASE Account.

21. On June 24, 2022, Plaintiff appeared in a local Chase branch bank and provided Defendant with oral notice that he disputed the debit of funds by the unknown intruder into Plaintiff's CHASE Account on June 23, 2022.

22. On June 24, 2022, Plaintiff provided Defendant with information to allow Defendant to identity Plaintiff's CHASE Account, such as:

    a. Plaintiff's CHASE Account number;

    b. Plaintiff's personal identifying information;

    c.    The name under which Plaintiff's CHASE Account was registered;

    d.    The date of the transaction which Plaintiff disputed relative to Plaintiff's CHASE Account;

    e.    The amount of the transaction which Plaintiff disputed relative to Plaintiff's CHASE Account; and,

    f.    The transaction reference number relative to the transaction Plaintiff disputed with respect to Plaintiff's CHASE Account.

23. On June 24, 2022, Plaintiff provided Defendant with oral notice that he believed an error was contained on the aforesaid monthly account relative to the debit of funds by an unknown third party relative to Plaintiff's CHASE Account on June 23, 2022.

24. On June 24, 2022, Plaintiff provided Defendant with oral and/or written notice that he believed the debit of funds by an unknown third party relative to Plaintiff's CHASE Account on June 23, 2022 was an unauthorized electronic transfer of funds from Plaintiff's CHASE Account.

25. On June 24, 2022, Plaintiff informed Defendant that he did not provide any person or entity with consent to debit funds from Plaintiff's CHASE Account on June 23, 2022.

26. On June 24, 2022, Plaintiff provided Defendant with oral and/or written notice of the circumstances as to why Plaintiff believed the debit of funds on June 23, 2022, was carried out in error, such as:

    a.    Plaintiff never authorized the debit of funds from Plaintiff's CHASE Account;

    b.    Plaintiff never provided any person or entity with permission, consent or authority to debit funds from Plaintiff's CHASE Account;

    c.    Plaintiff was asked if he agreed to make such transfers and he replied that he did not;

    d.    The transactions were entirely inconsistent with any or Plaintiff's previous account activity;

    e. Just prior to the three transfers of $8,000, there were two deposits of .36 and .34 cents and then .70 cents transferred out, indicating that an intruder was testing his or her ability to effectively make the unauthorized transfers.

27. To date, Defendant has not conducted a sufficient investigation relative to the error complained of by Plaintiff.

28. To date, Defendant has not sufficiently reported the result of any putative investigation it conducted relative to the error complained of by Plaintiff.

29. On or about July 5, 2022 Plaintiff received an oral communication from Defendant that his request for an investigation into the unauthorized transactions was being denied.

30. To date, Plaintiff has not received any written notification stating the results of his request for an investigation.

31. To date, Plaintiff has not received any written notice of his right to receive information or documents that Defendant utilized in coming to its conclusion that the aforesaid transactions were, in fact, authorized by Plaintiff.

32. To date, Defendant has not issued Plaintiff a credit for the funds debited from Plaintiff's CHASE Account.

33. Presently, Plaintiff remains without the $24,000.00 debited from Plaintiff's CHASE Account.

34. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(d).

35. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(e)(1) and (2).

36. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

37. As a result of Defendant's violations as aforesaid, Plaintiff is left without critical knowledge and information about transactions conducted on his CHASE Account, and is left without information on how to either recover said funds or prevent another occurrence from happening.

WHEREFORE, Plaintiff, RICHARD L. TROMBLEY, by and through his attorneys, respectfully prays for respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs; and,

    d. Any other relief deemed appropriate by this Honorable Court.

### V. JURY DEMAND

38. Plaintiff hereby demands a trial by jury on all issues so triable.

                                        Respectfully submitted,
                                        **RICHARD L. TROMBLEY**

                              By:   s/ David M. Marco
                                        Attorney for Plaintiff

Dated: September 9, 2022

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota, FL 34240
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:   dmarco@smithmarco.com